Allen, Lee and Samuels, Js.
concurred in the opinion of Moncure, J.
The judgment was as follows :
The court is of opinion, that if the facts were as supposed in the instruction given by the Circuit court in lieu of instruction number two, moved for by the plaintiffs in error, their wrongful act of carrying the slaves, which are the subject of controversy, beyond the limits of the county of Amelia, and working them in the county of Chesterfield, was not of itself a conversion of the said slaves to their use, by reason of *194 which they became immediately responsible to the defendant in error for the value of said slaves in the event of their death, whether occasioned by such wrongful act or not. But the court is further of opinion, that if the death of said slaves was occasioned by the said supposed wrongful act, then the said act, in connection with the death of the slaves, was a conversion of them by the plaintiffs in error to their use, and made them liable, under either count of the declaration, for the value of said slaves: and if such death occurred while the said supposed wrongful act, by which it may have been occasioned, was in operation and force, the burden of satisfying the jury that it was not so occasioned devolves on the plaintiffs in error. The court is therefore of opinion, that the Circuit court erred in giving the said instruction, and ought, instead of that instruction and instructions numbered two and three moved for by the plaintiffs in error, to have given an instruction to the jury to the foregoing effect.
The court is further of opinion, that there is no other error in the judgment of the Circuit court.
' It would have been improper to have given the instructions numbered four and five, because it belonged to the jury to determine not only from the facts therein stated, if proved, but from all the evidence, whether the supposed conversion, and the working of the slaves out of Amelia county, was waived or not; and also because, whether that act was a conversion or not, depended upon whether it occasioned the death of the slaves or not, and a waiver of the supposed conversion could not be inferred'from facts which transpired, if at all, beforé the death of the slaves.
It would have been improper to have given instruction number six, because it appears from the evidence that the reception of the amount of hires for the slaves up to the period of their death was during the pen‘dency of this suit; and the inference of a waiver of the supposed conversion, which might have been drawn *195 from a reception of the amount of hires, had that fact stood alone, is repelled by the additional fact of the pendency and vigorous prosecution of the suit at the time of such reception.
The objection made to the instruction which was given in lieu of number four, is that it assumes the fact, of which the determination belonged to the jury, that by the original contract the slaves were to be worked only in the county of Amelia. If this instruction had stood alone the objection might have been valid. But it must be taken in connection with the other instructions; and so taken, there can be no doubt, and could have been none on the minds of the jury, as to the meaning of the court. The instruction is to be understood as if after the words “ changed the original contract,” the words “ supposing it to be as stated in instruction number four” had been inserted therein.
In regard to the instruction mentioned in the second bill of exceptions. Some of the parol evidence was certainly admissible ; and therefore it would have been improper to have excluded all. It would have been just as improper to have instructed the jury in general terms to disregard all parol evidence tending to alter, vary, explain or add to the written contracts mentioned in the said bill of exceptions. Nor was the court bound to sift the mass of parol evidence in the case, and determine which would alter, vary, explain or add to the written contracts, and which would not. It was the duty of the parties moving the instruction to point out the particular evidence objected to; and not having done so, the court, on that ground, was justifiable in refusing to give the instruction.
Therefore, the judgment is reversed with costs to the plaintiffs in error, the verdict is set aside, and the cause is remanded for a new trial to be had therein; on which the instructions of the court (should instructions be sought by the parties) are to conform to the foregoing opinion and judgment.